IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANA BENSCOTER, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| vs. | ) JURY TRIAL DEMANDED |
| ADVANCE LOCAL MEDIA LLC d/b/a PA MEDIA GROUP, | ) |
| Defendant. | ) ELECTRONICALLY FILED |

## COMPLAINT

Plaintiff, JANA BENSCOTER, a resident of Cumberland County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, ADVANCE LOCAL MEDIA LLC d/b/a PA MEDIA GROUP, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* (the "ADA") and 28 U.S.C. §§1331 and 1343.

2. This Court has, and should exercise, supplement jurisdiction over Plaintiff's state claims under the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (the "PHRA") pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Jana Benscoter ("Ms. Benscoter"), is an adult individual residing at 1424 Timber Brook Drive, Mechanicsburg, Cumberland County, Pennsylvania 17050.

6. At all times relevant and material hereto, Plaintiff was disabled as defined by the ADA.

7. Defendant Advance Local Media LLC d/b/a PA Media Group ("PA Media") is a New York limited liability company with headquarters located at 1 World Trade Center, New York, New York 10007.

8. At all times relevant and material hereto, PA Media, as a division of Advance Local Media LLC, owned and operated Pennlive.com, The Patriot News, a full-service advertising agency and a video and design studio, operating out of an

office located at 1900 Patriot Drive, Wertzville, Cumberland County, Pennsylvania 17050.

9. At all times material and relevant hereto, PA Media employed at least fifteen (15) individuals, and was an employer as defined by Title VII and the ADA.

## ADMINISTRATIVE PROCEEDINGS

10. On or about November 9, 2022, Ms. Benscoter filed a Charge of Discrimination against PA Media with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2023-00931, with instructions for the EEOC to cross-file the charge with the Pennsylvania Human Relations Commission.

11. Ms. Benscoter has been advised by the EEOC of her right to sue in federal court, which notice was received on or about August 14, 2023.

12. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

13. Ms. Benscoter was hired by PA Media in or about December 2018, as a Reporter for PennLive.com in Wertzville, Pennsylvania.

14. In October 2017, Ms. Benscoter had been involved in an automobile accident which resulted in Ms. Benscoter suffering a traumatic brain injury ("TBI").

15. Ms. Benscoter's TBI caused significant and long lasting effects, including negatively affecting Ms. Benscoter's ability to concentrate and process information. The effects of the TBI also included negatively affecting Ms. Benscoter's stamina, and causing her to suffer from vertigo at times.

16. At the time of Ms. Benscoter's hire, she made PA Media aware of her automobile accident and advised that she was recovering from a TBI.

17. At the time of Ms. Benscoter's hire, she was qualified to perform the job of Reporter, as she has worked in similar media positions continuously since 1999 and won two media awards, including one for investigative journalism and one for broadcast media.

18. At the time of Ms. Benscoter's hire, she was able to perform the essential functions of her job, including her initial assignment of working as the City of Harrisburg reporter.

19. Ms. Benscoter was moved to a general assignment role in or about June 2019, and also covered breaking news on weekends.

20. In or about July 2021, Ms. Benscoter was assigned to cover high school sports, specifically field hockey.

21. At the time Ms. Benscoter was transferred to cover sports, she was the only female reporter for PennLive covering sports.

22. During her tenure in the Sports Department, Ms. Benscoter was subject to disparate treatment in relation to the male reporters in the Sports Department. This included significant additional scrutiny of Ms. Benscoter's work, including rewriting and editing of her articles, which did not occur to nearly the same degree with the male reporters.

23. During her six-month review on or about July 26, 2022, Ms. Benscoter was informed by the Vice President of PennLive and High School Sports Deputy Editor that PA Media believed that her writing skills were not up to par.

24. Ms. Benscoter then was told that she was going to take on a new role in a statistics position as part of a bigger PennLive high school sports stats software launch.

25. Ms. Benscoter made it known to PA Media on many occasions both verbally and in writing that she has a difficult time with numbers due to her disability, including a text message to Deputy Sports Editor Brian Linder stating, "The only area I struggled in my TBI recovery was numbers. Like miserably. I need to do this over and over and I'll get it. It's super frustrating to me."

26. During her time working as a sports reporter, Ms. Benscoter advised her supervisors and management numerous times that she was willing and able to work with numbers and statistics as part of her job as a reporter, but asked for

additional time and training as an accommodation to allow her to adapt to that role in light of her TBI and difficulty processing numbers.

27. Despite advising PA Media that she had difficulty with processing numbers, Ms. Benscoter was told that working with numbers would help to improve her writing, and she was never afforded any additional training or time to process her assignments.

28. Ms. Benscoter was told that she was going to work with statistics all day and "find stories for the guys," and she was told to "embrace her new role."

29. In essence, this new role removed Ms. Benscoter, the only female sports reporter, from primary reporting functions and put her in a role designed to support the male sports reporters.

30. After her review, at the end of July and until on or about August 8, 2022, Ms. Benscoter took leave so that she could umpire the Junior Olympics and another field hockey event.

31. On or about August 9, 2022, Ms. Benscoter returned to work and was notified that she was being discharged for performance.

32. Ms. Benscoter was the only female on the sports reporting team and outperformed her male counterparts in several metrics.

33. Ms. Benscoter had positive reviews noting her enthusiasm, team player attitude, and willingness to take part in new things that she had never done before, including participating in a high school football podcast.

34. Ms. Benscoter was terminated in violation of Title VII and the ADA, because as the only female on the sport reporting team, she was subjected to additional scrutiny and then reassigned to a position in which she would only work with statistics and "find stories for the guys," and because PA Media refused to accommodate Ms. Benscoter's disability and provide additional training and time for her to adapt to working with statistics and numbers as part of her role as a sports reporter.

35. PA Media failed to provide reasonable accommodation for Ms. Benscoter's disability and failed to provide a hostile free workplace.

## COUNT I

### ADA Violations

36. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

37. At all relevant times hereto, Ms. Benscoter was a member of a class of individuals protected against discrimination on account of a disability, a record of disability, and/or the perception that Ms. Benscoter was an individual with a disability.

38. Ms. Benscoter was subjected to a hostile work environment, discrimination and disparate treatment based on her disability, her record of disability, or PA Media's regard of her as an individual with a disability, in a manner affecting the terms and conditions of her employment.

39. PA Media further violated Ms. Benscoter's rights under the ADA by failing to accommodate her need for a reasonable accommodation, including additional time and training to adapt to working with statistics and numbers as part of her role as a sports reporter.

40. PA Media additionally failed to engage in an interactive process when made aware of Ms. Benscoter's need for an accommodation.

41. As a direct and proximate result of the conduct of PA Media in violating the ADA by discriminating against Ms. Benscoter on the basis of her disability, perceived disability and/or record of a disability, Ms. Benscoter has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, anxiety and damage to her professional reputation.

**WHEREFORE**, Plaintiff Jana Benscoter seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II

### Title VII Violations
### Gender Discrimination

42. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

43. By discriminating against Ms. Benscoter and terminating her on the basis of her gender, PA Media violated Ms. Benscoter's rights under Title VII.

44. As a direct and proximate result of the conduct of PA Media in violating Title VII by discriminating against Ms. Benscoter and terminating her on the basis of her gender, Ms. Benscoter has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, anxiety and damage to her professional reputation.

**WHEREFORE**, Plaintiff Jana Benscoter seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III

### PHRA Violations
### Disability Discrimination

45. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

46. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count III arise out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

47. By discriminating against Ms. Benscoter on the basis of her disability, PA Media violated Ms. Benscoter's state rights under the PHRA.

48. As more fully set forth in Count I, Ms. Benscoter has suffered directly and solely as a result of PA Media's actions, both economic harm and emotional distress, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff Jana Benscoter seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### COUNT IV

### PHRA Violations
### Gender Discrimination

49. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

50. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count IV arise out of the same facts, events and

circumstances as Count II, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

51. By discriminating against Ms. Benscoter on the basis of her gender, PA Media violated Ms. Benscoter's state rights under the PHRA.

52. As more fully set forth in Count II, Ms. Benscoter has suffered directly and solely as a result of PA Media's actions, both economic harm and emotional distress, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff Jana Benscoter seeks the damages set forth in the Ad Damnum clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Jana Benscoter, prays that the Court enter judgment in hers favor and against the Defendant, Advance Local Media LLC d/b/a PA Media Group, and that it enter an Order as follows:

   a. The Defendant is to be permanently enjoined from discriminating or retaliating against the Plaintiff on the basis of her gender, disability and/or any basis prohibited under applicable federal law;

   b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their gender and/or disability and is to be ordered

to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.  The Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of the Defendant until the date of verdict;

d. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by the Defendant's actions;

e. The Plaintiff is to be awarded punitive damages as permissible by statute;

f. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

    h.      Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

    i.      The Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

    j.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

| | |
|---|---|
| <u>November 7, 2023</u><br>Date | <u>*/s/ Larry A. Weisberg*</u><br>Larry A. Weisberg (PA Bar: #83410)<br>lweisberg@weisbergcummings.com |
| <u>November 7, 2023</u><br>Date | <u>*/s/ Derrek W. Cummings*</u><br>Derrek W. Cummings (PA Bar: #83286)<br>dcummings@weisbergcummings.com |
| <u>November 7, 2023</u><br>Date | <u>*/s/ Stephen T. Mahan, Jr.*</u><br>Stephen T. Mahan, Jr. (PA Bar: #313550)<br>smahan@weisbergcummings.com |
| <u>November 7, 2023</u><br>Date | <u>*/s/ Michael J. Bradley, Jr.*</u><br>Michael J. Bradley, Jr. (PA Bar: #329880)<br>mbradley@weisbergcummings.com |

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*