Timothy M. McCarthy, Esq. (PA 319308)
**JACKSON LEWIS P.C.**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 857-8196
Timothy.McCarthy@jacksonlewis.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANA BENSCOTER, : | |
|         Plaintiff, : | |
| : | |
| v. : | Civil Action No.  1:23-01848-YK |
| : | |
| ADVANCE LOCAL MEDIA, LLC, : | |
| d/b/a PA MEDIA GROUP, : | |
|         Defendant. : | |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Advance Local Media, LLC, d/b/a PA Media Group ("Defendant"), by and through its undersigned attorneys, Jackson Lewis P.C., for its Answer and Defenses to the Complaint filed by Plaintiff Jana Benscoter ("Plaintiff"), states as follows:

**AS TO "JURISDICTION AND VENUE"**

1.  Defendant admits only that Plaintiff purports to bring an action against it pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA") but denies any liability to Plaintiff. The remaining allegations set forth in paragraph 1 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent

.
.

a response may be required, Defendant does not contest that on the face of the complaint, jurisdiction over Plaintiff's claims Title VII and the ADA is proper.

2. Defendant admits only that Plaintiff purports to bring a claim against it under the Pennsylvania Human Relations Act ("PHRA") but denies any liability to Plaintiff. The remaining allegations set forth in paragraph 2 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant does not contest that on the face of the complaint, jurisdiction is proper over Plaintiff's claim under the PHRA.

3. The allegations set forth in paragraph 3 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant does not contest that venue is proper in this Court.

4. Defendant admits only that Plaintiff seeks declaratory relief but denies that Plaintiff is entitled to declaratory relief or any other relief as a matter of law.

## AS TO "THE PARTIES"

5. Defendant admits Plaintiff is an adult individual but denies knowledge or information sufficient to form a belief as to her current residency.

6. The allegations set forth in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, these allegations are denied.

7. The allegations set forth in Paragraph 7 of the Complaint are admitted.

8. The allegations set forth in Paragraph 8 of the Complaint are denied.

9. The allegations set forth in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it employs at least fifteen employees.

## AS TO "ADMINISTRATIVE PROCEEDINGS"

10. Defendant admits that Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") but denies any liability to Plaintiff.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint. To the extent a response may be required, these allegations are denied.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, these allegations are denied.

## AS TO "STATEMENT OF FACTS"

13. The allegations set forth in Paragraph 13 of the Complaint are admitted.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint. To the extent a response may be required, these allegations are denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint. To the extent a response may be required, these allegations are denied.

16. The allegations set forth in Paragraph 16 of the Complaint are denied.

17. The allegations set forth in Paragraph 17 of the Complaint are admitted in part and denied in part. Defendant admits only that, upon information and belief, Plaintiff worked in media jobs prior to becoming an employee of Defendant. The remaining allegations set forth in this paragraph are denied.

18. The allegations set forth in Paragraph 18 of the Complaint are denied as stated. By way of further response, Defendant avers that Plaintiff's initial role with Defendant was as a news and crime reporter in Harrisburg, Pennsylvania, and the poor quality of her written work was immediately problematic.

19. The allegations set forth in Paragraph 19 of the Complaint are denied as stated. By way of further response, Defendant avers that in or about June 2019, Plaintiff worked as a news and crime reporter for Defendant.

20. The allegations set forth in Paragraph 20 of the Complaint are admitted.

21. The allegations set forth in Paragraph 21 of the Complaint are denied.

22. The allegations set forth in Paragraph 22 of the Complaint are denied.

23. The allegations set forth in Paragraph 23 of the Complaint are admitted. By way of further response, Defendant avers that Plaintiff was advised on numerous occasions, including prior to July 2022, that the quality of her writing was not satisfactory and required improvement.

24. The allegations set forth in Paragraph 24 of the Complaint are admitted.

25. The allegations set forth in Paragraph 25 of the Complaint refer in part to a document, which speaks for itself, and thus all mischaracterizations of it are denied. The remaining allegations set forth in this paragraph are denied. Specifically, Defendant denies that Plaintiff disclosed having a disability and further denies that Plaintiff ever claimed to be disabled.

26. The allegations set forth in Paragraph 26 of the Complaint are denied.

27. The allegations set forth in Paragraph 27 of the Complaint are denied.

28. The allegations set forth in Paragraph 28 of the Complaint are denied.

29. The allegations set forth in Paragraph 29 of the Complaint are denied.

30. The allegations set forth in Paragraph 30 of the Complaint are admitted in part and denied in part. Defendant admits only that Plaintiff took leave from work for the stated purpose of umpiring a sporting event. The remaining allegations set forth in this paragraph are denied.

31. The allegations set forth in Paragraph 31 are admitted in part and denied in part. Defendant admits only that Plaintiff was discharged from her employment with Defendant. The remaining allegations set forth in this paragraph are denied.

32. The allegations set forth in Paragraph 32 of the Complaint are denied.

33. The allegations set forth in Paragraph 33 of the Complaint are denied.

34. The allegations set forth in Paragraph 34 of the Complaint are denied.

35. The allegations set forth in Paragraph 35 of the Complaint are denied.

## AS TO "COUNT I"

36. Defendant incorporates its responses to Paragraphs 1 through 35 by reference as if fully set forth at length.

37. The allegations set forth in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, these allegations are denied.

38. The allegations set forth in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

39. The allegations set forth in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

40. The allegations set forth in Paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

41. The allegations set forth in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## AS TO "COUNT II"

42. Defendant incorporates its responses to Paragraphs 1 through 41 by reference as if fully set forth at length herein.

43. The allegations set forth in Paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

44. The allegations set forth in Paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## AS TO "COUNT III"

45. Defendant incorporates its responses to Paragraphs 1 through 44 by reference as if fully set forth at length herein.

46. Defendant admits only that Plaintiff purports to bring a claim under PHRA over which the Court may properly exercise jurisdiction but denies any liability to Plaintiff. The remaining allegations set forth in this paragraph are denied.

47. The allegations set forth in Paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

48. The allegations set forth in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## AS TO "COUNT IV"

49. Defendant incorporates its responses to Paragraphs 1 through 48 by reference as if fully set forth at length herein.

50. Defendant admits only that Plaintiff purports to bring a claim under PHRA over which the Court may properly exercise jurisdiction but denies any liability to Plaintiff. The remaining allegations set forth in this paragraph are denied.

51. The allegations set forth in Paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

52. The allegations set forth in Paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## AS TO "PRAYER FOR RELIEF"

**WHEREFORE**, Defendant denies Plaintiff is entitled to relief including the relief requested in the WHEREFORE clause following the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without prejudice to its right to argue that Plaintiff bears the burden of proving some or all of these defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which any relief can be granted as a matter of fact and/or law.

## SECOND DEFENSE

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local law, constitutions, rules, regulations, or guidelines.

**THIRD DEFENSE**

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate business reasons unrelated to Plaintiff's alleged disability, sex, alleged requests for accommodation and any other alleged protected characteristic or protected activity.

**FOURTH DEFENSE**

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were based upon reasonable factors other than Plaintiff's alleged disability, sex, alleged requests for accommodation and any other alleged protected characteristic or protected activity.

**FIFTH DEFENSE**

Plaintiff's Complaint should be dismissed because Plaintiff cannot establish that she has a qualifying disability.

**SIXTH DEFENSE**

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages.

**SEVENTH DEFENSE**

Plaintiff's employment with Defendant was at-will and could be terminated by either party and for any reason and at any time, with or without notice.

**EIGHTH DEFENSE**

Plaintiff's claims for emotional distress are barred, in whole or in part, by the exclusive remedy provisions of Pennsylvania workers' compensation statute.

**NINTH DEFENSE**

To the extent Plaintiff was entitled to and/or sought a reasonable accommodation (which she did not), Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

**TENTH DEFENSE**

Without waiving the foregoing defenses, Defendant met any obligations to engage in an interactive process with Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff never disclosed her alleged disability to Defendant.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief set forth in the Complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

                                Respectfully submitted,

                                **JACKSON LEWIS P.C.**

                                BY: _/s/ Timothy M. McCarthy_
                                Timothy M. McCarthy (PA 319208)
                                Three Parkway
                                1601 Cherry Street, Suite 1350
                                Philadelphia, PA 19102
                                T: (267) 319-7802
                                Timothy.McCarthy@jacksonlewis.com
                                _Attorneys for Defendants_

Dated: January 8, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of **Defendant's Answer and Defenses to Plaintiff's Complaint** was served via the Court's electronic filing system upon all counsel of record.

*/s/ Timothy M. McCarthy*
Timothy M. McCarthy

Dated: January 8, 2024